# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5176 | **DATE** | April 29, 2011 |
| **CASE TITLE** | Westfield Ins. Co. v. Winston Company, Inc. and Jacobson Transportation | | |

**DOCKET ENTRY TEXT:**

Defendant Jacobson's motion [110] for judgment on the pleadings is granted.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

After a fire at a warehouse, plaintiff Westfield Insurance Co. ("Westfield"), as subrogee of F&M Building Partnership, filed negligence claims against defendant Winston Company, Inc. ("Winston") (the manufacturer of Oxy-Kem, the product that allegedly caused the fire) and Jacobson Transportation Company, Inc. ("Jacobson") (the company who transported the Oxy-Kem from Winston to the subrogee). Winston filed a claim for contribution against Jacobson. The Court granted Jacobson summary judgment on Westfield's negligence claim on the ground Jacobson did not owe a duty to Westfield's subrogee. Now, Jacobson moves for judgment on the pleadings with respect to Winston's claim for contribution. Jacobson argues that, because Jacobson owes no duty to F&M, it cannot, as a matter of law, be liable to Winston for contribution.

The Court agrees. The Illinois Joint Tortfeasors Contribution Act provides that "where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them . . ." 740 ILCS 11/2(a). If, however, a person has not breached a duty of care and is, thus, not liable in tort, he cannot be liable for contribution to a person who is liable in tort. *See Vroegh v. J&M Forklift*, 165 Ill.2d 523, 531 (Ill.S.Ct. 1995) ("Because ANR had no duty to Maicach . . . , its actions with respect to him were not wrongful, and it is not legally culpable for his death. ANR is therefore not 'subject to liability in tort' within the meaning of the Contribution Act. Because it is not such a tortfeasor, it is not subject to contribution claims brought against it by [other parties] arising out Maicach's death."); *Esworthy v. Norfolk and Western Railway Co.*, 166 Ill.App.3d 876, 880, 520 N.E.2d 1044 (Ill.App.Ct. Fourth Dist. 1988) ("In dismissing the plaintiff's complaint against the city and McDaniels by stating it failed to state a cause of action against them as they owed no duty to decedent, the court determined they are not tortfeasors *vis-a-vis* the plaintiff. Thus, they are not capable of being joint tortfeasors *vis-a-vis* the defendant. They met their duty of care to the decedent and are not considered legally culpable. Thus, they may not be held liable to defendant for contribution."); *Northrup v. Allister Construction Co.*, 163 Ill.App.3d 221, 226, 516 N.E.2d 586 (Ill.App.Ct. Third Dist. 1987) ("because Midlands have no liability in

| STATEMENT |
|---|

tort to [plaintiff], they may not be held liable to McAllister for contribution.").

In this case, the Court has already concluded that Jacobson owed no duty to Westfield's subrogee, which means it is not culpable and is not a tortfeasor *vis-a-vis* Westfield's subrogee. It follows, then, that Jacobson and Winston are not joint tortfeasors *vis-a-vis* Westfield's subrogee and that Jacobson cannot be liable to Winston for contribution with respect to Westfield's claim against Winston.

For these reasons, the Court grants Jacobson's motion for judgment on the pleadings on Winston's contribution claim against Jacobson.